# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIKE SHUMEK, | : | |
|     Plaintiff, | : | No. 3:09-cv-216 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| KEN MCDOWELL, | : | (Magistrate Judge Prince) |
|     Defendant | : | |

## **MEMORANDUM ORDER**

Presently pending before the Court is the Report and Recommendation of Magistrate Judge William T. Prince addressing Defendant's motion for summary judgment, (Doc. No. 25), along with Defendant's objections, (Doc. No. 27), and Plaintiff's response, (Doc. No. 29). The Court will adopt the recommendation in full, but will write briefly to address Defendant's objections.[1]

This case concerns a civil action in which Plaintiff alleges political termination in violation of 42 U.S.C. § 1983. Plaintiff was an employee of the Lackawanna County Controller's Office for over 25 years. Defendant was elected County Controller in November 2007. On January 7, 2008, within hours of Defendant being sworn into office, Plaintiff was terminated from his position as office manager. Plaintiff filed the present action asserting that his termination was for political reasons, in violation of his First Amendment rights, and that he was not afforded his due process rights.

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the R & R, the Court is to make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

The factual details and legal standards governing Defendant's motion for summary judgment are comprehensively set forth in Judge Prince's report and need not be reproduced here. In his report, Judge Prince recommends that Defendant's summary judgment motion be granted in part and denied in part. Specifically, Judge Prince found that the motion should be granted as to Plaintiff's failure to train claim, but that it should be denied as to Plaintiff's claims that he was terminated for political reasons, that his due process rights were violated, and that punitive damages should be assessed.

Defendant first challenges Judge Prince's finding that Plaintiff has put forward sufficient evidence of a wrongful discharge claim based on political patronage. To make out a prima facie claim, a plaintiff "must show that (1) [he] was employed at a public agency in a position that does not require political affiliation, (2) [he] was engaged in constitutionally protected activity, and (3) this conduct was a substantial or motivating factor in the government's employment decision." Galli v. New Jersey Meadowlands Comm'n, 490 F.3d 265, 271 (3d Cir. 2007) (citation omitted). In support of the third prong, a plaintiff must put forward evidence demonstrating that the defendant knew of the plaintiff's political persuasion and that such knowledge caused the defendant to take the adverse employment action against the plaintiff. See id. at 275.

Defendant contends that there has been no evidence submitted by Plaintiff "that Defendant had knowledge of [Plaintiff's] political affiliation." (Doc. No. 28 at 11.) However, Defendant fails to address the report's finding that Plaintiff has put forward sufficient evidence of being terminated for *not* participating in political activity, specifically in regard to Defendant's election campaign. As recognized by Judge Prince, an "apolitical" stance can be a

2

constitutionally protected activity.  See Galli, 490 F.3d at 272 ("[T]he right not to have allegiance to the official or party in power itself is protected under the First Amendment, irrespective of whether an employee is actively affiliated with an opposing candidate or party.") (citation omitted).  Therefore, the Court finds no error in Judge Prince's finding that an issue of genuine material fact remains for the jury as to this claim.

Defendant next objects to the report's denial of summary judgment as to Plaintiff's due process claim.  Defendant asserts that, because union grievance procedures are being made available to Plaintiff under a collective bargaining agreement, Plaintiff has not presented a cognizable due process claim.  However, as recognized by Judge Prince, where a public-employee plaintiff has a property right to a position, "post-termination due process will not necessarily satisfy his rights under § 1983."  (Doc. No. 25 at 20); see also Dee v. Borough of Dunmore, 549 F.3d 225, 233 (3d Cir. 2008) ("Only in extraordinary situations where some valid government interest is at stake is it permissible to postpone the hearing until after the deprivation has already occurred." (citations and internal quotation marks omitted)); Solomon v. Philadelphia Housing Auth., 143 F. App'x 447, 455 (3d Cir. 2005) (finding no due process violation where public employee was given pre-deprivation process of notice of the charges against him, evidence supporting those charges, and an opportunity to respond, all in a timely manner).  Therefore, the Court finds no error in the report's conclusion that Plaintiff has stated sufficient facts to support a procedural due process claim.

Finally, Defendant argues that Plaintiff's claim for punitive damages should be dismissed.  Defendant claims that "Plaintiff is required to show that Defendant's actions were motivated by evil motive or intent or a callous indifference to Plaintiff's constitutionally protected rights" and

that Plaintiff cannot make such a showing.  (Doc. No. 28 at 7-8.)  The report found that, because there were genuine issues of material fact as to Plaintiff's claims, the required intent to assess punitive damages against Defendant "should be decided by the trier of fact."  (Doc. No. 25 at 23.) The Court finds no error in the determination that Plaintiff has put forward sufficient evidence to defeat summary judgment as to his claim for punitive damages.  See Smith v. Wade, 461 U.S. 30, 56 (1983) (holding that a jury may be permitted to assess punitive damages where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."); Brennan v. Norton, 350 F.3d 399, 428-29 (3d Cir. 2003); see also Alexander v. Riga, 208 F.3d 419, 430 (3d Cir. 2000) (noting that the term "reckless indifference," in the context of punitive damages, refers "not to the egregiousness of the [defendant's] conduct, but rather to the [defendant's] knowledge that [he] may be acting in violation of federal law.").

After reviewing Defendant's objections, the Court finds no error in Judge Prince's report and recommendation.  **ACCORDINGLY**, on this 30th day of September, 2010, upon consideration of Magistrate Judge Prince's Report and Recommendation and Plaintiff's objections, it is **HEREBY ORDERED THAT** the report is adopted in full.  Accordingly, summary judgment is granted in favor of Defendant as to Plaintiff's failure to train claim but denied in all other respects.

It is **FURTHER ORDERED** that a telephone conference will be held on October 14, 2010 at 2:00 PM to set deadlines in preparation for trial. Plaintiff's counsel shall initiate the call.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania