**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIKE SHUMEK,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 3:09-cv-216** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **KEN MCDOWELL, in his Official and** | : | |
| **Individual Capacity,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

Pending before the Court are ten separate motions in limine, seven of which have been

filed by Plaintiff and three of which have been filed by Defendant. This memorandum will

address each motion in limine in turn.

**I.     PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MENTION OF <u>UNITED
STATES V. COSTANZO</u> MATTER (DOC. NO. 43)**

In his first motion in limine,[1] Plaintiff seeks to preclude testimony and reference to

<u>United States v. Costanzo</u>, Criminal Action No. 3:08-cr-9, at trial. (Doc. No. 43.) According to

Plaintiff, it appears that Defendant "will somehow try to associate Plaintiff with the criminal

conviction of Mr. Costanzo, who defrauded Lackawanna County in workers' compensation

dealings while working as their Third Party Administrator." (<u>Id.</u> ¶ 1.) Plaintiff states that he had

no involvement in the scheme to defraud. (<u>Id.</u> ¶ 2.) Plaintiff avers that matters related to the

<u>Costanzo</u> case are irrelevant, and, even if probative, they would be highly prejudicial to Plaintiff.

---

[1] The Court refers to Document Number 43 as the "first" motion in limine, although it is
actually the fourth motion in limine to have been filed by Plaintiff. The Court does so for clarity,
because disposition of Document Number 43 sets the groundwork for dealing with Plaintiff's
motion in limine to preclude evidence related to documents turned in over two weeks before
pretrial (Doc. No. 40).

(Id. ¶ 4.)

Defendant states that he has never alleged that Plaintiff was implicated in the Costanzo scheme to defraud. (Doc. No. 141 at 4.) Yet Defendant maintains that Costanzo's criminal prosecution and conviction is relevant in rebutting Plaintiff's political patronage claim because it supports Defendant's decision to fire Plaintiff and demonstrates that Plaintiff's firing was not politically motivated. (See id. at 1-3.) In support, Defendant points to the related case of Delhagen v. McDowell, 3:08-cv-00285, in which Defendant testified on deposition that the grand jury indictment and investigation into overpayment of funds to the workers' compensation provider was a basis for Defendant's decision to replace management personnel such as Plaintiff. (Id.) In response, Plaintiff argues: (1) that Defendant may not rely on his deposition in Delhagen to support reference to Costanzo in the present case; (2) that the evidence shows that Defendant has committed perjury because Plaintiff was fired before the Costanzo indictment came down; and (3) that the Costanzo evidence is not relevant because Plaintiff was not fired for cause.[2] (Doc. No. 150 at 2-12.) Plaintiff further argues that allowing Defendant to reference Costanzo will unduly prejudice him because Defendant has merely "cherry pick[ed]" several documents

_____

[2] Plaintiff also objects to the Court granting Defendant leave to amend his response to this motion in limine on the basis that Plaintiff must "continuously respond to untimely amendments and documents, which only drives the litigation costs higher in this matter." (Doc. No. 150 at 2.) Plaintiff further objects that the Court allowed amendment prior to the filing of supporting and opposing briefs to the request for leave to amend. (Id.) Plaintiff raises identical objections to the amendment of two other responses by Defendant. (See Doc. Nos. 148, 149.)

Plaintiff's objection to allowing amendment to the responses is without merit. Defendant's amended documents, filed after the Court granted Defendant leave, are not untimely. The Court notes that it is within its discretion to grant such motions before a supporting brief is filed, (see M.D. Pa. L.R. 1.3), and that such a deviation from the standing rule was taken to prevent superfluous briefing on the already-voluminous briefing made on evidentiary issues in this case.

related to Costanzo, and that curing such prejudice would require the production of "all invoices and all documents related to Costanzo and his workers' compensation activities." (Id. at 8.)

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible." Fed. R. Evid. 402. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

Defendant's knowledge of the Costanzo indictment and his belief—however mistaken—that the indictment reflects on Plaintiff's fitness as an employee is relevant evidence. Although Plaintiff is correct that Defendant may not rely on in his deposition in Delhagen as proof of his intent in terminating Plaintiff, Defendant may testify as to his recollection of events that led to his decision to terminate Plaintiff. Defendant may testify to his knowledge of the Costanzo matter and how the information impacted his decision to terminate Plaintiff. See Fed. R. Evid. 602 (stating that a witness may generally testify to a matter if "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). To the extent that Defendant seeks to testify as to facts made known to him after Plaintiff was terminated, the Court agrees that this testimony must be excluded as bearing no relation to Defendant's decision to terminate Plaintiff. Therefore, any testimony concerning Costanzo must be limited to any knowledge that Defendant had prior to Plaintiff's termination on January 7, 2008. Testimony as to events that occurred in Costanzo subsequent to the date of termination is not relevant on the issue of the reasons for Plaintiff's termination. Furthermore, to the extent that

Defendant's testimony contradicts the evidentiary record, Plaintiff may impeach that testimony.

Plaintiff's Rule 403 objection is moot as to any material that came to Defendant's attention after Plaintiff's termination. Although Plaintiff may be correct that the probative value of such evidence is outweighed by the risk of unfair prejudice to Plaintiff, evidence of the outcome of the Costanzo indictment and evidence that Plaintiff signed certain vouchers is excluded under the Court's ruling on Plaintiff's relevancy objection. However, Defendant's testimony regarding his reasons for terminating Plaintiff are of the utmost relevance. The Court cannot find at this juncture that the relevance of the anticipated testimony—that Defendant believed that the Costanzo indictment warranted the dismissal of Plaintiff and others—is outweighed by the danger of unfair prejudice to Plaintiff.

## II.   PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATED TO DOCUMENTS TURNED OVER TWO WEEKS BEFORE PRETRIAL (DOC. NO. 40)

In his second motion in limine, Plaintiff seeks to preclude Defendant from offering into evidence documents from 2003 and 2004 that were apparently produced by Defendant on October 22, 2010, only two weeks before the pretrial conference. (Doc. No. 40.) The disputed documents appear to include several requests for funding from Costanzo, each of which includes Plaintiff's signature of approval. Discovery closed on November 1, 2009. Plaintiff avers that he will be "prejudiced by the inclusion of documents [because] he has no idea how they relate to this matter [and] was [not] able to find out their relevance during discovery." (Doc. No. 40 ¶ 3.)

In opposing Plaintiff's motion in limine to exclude these documents, Defendant argues that the documents demonstrate that Plaintiff was negligent in performing his duties as an office manager. (Doc. No. 145 at 3.) Specifically, Defendant claims that the documents show that

Plaintiff "improperly approved over $204,000.00 in payments to Mr. Costanzo, a criminal convicted of stealing from Lackawanna County." (Id.) Defendant avers that his actions were not taken in bad faith and that he "provided [the] documents as soon as practically possible after obtaining them." (Doc. No. 144 ¶ 2; Doc. No. 145 at 4.) Defendant further argues that Plaintiff will not be prejudiced by the documents' admission because Plaintiff's "own signature appear[s] on nearly every page" and so Plaintiff "was aware of all these documents." (Doc. No. 145 at 4-5.)

Federal Rule of Civil Procedure 26(a) requires a party to produce "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). A party who has made a Rule 26(a) disclosure is under a duty to supplement "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Where a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In considering whether to exclude evidence, the Third Circuit has directed that the following factors be taken into consideration:

> (1) the prejudice or surprise to the party against whom the witness testifies; (2) the ability of the opposing party to cure any such prejudice; (3) the effect of allowing or excluding testimony on the trial of the case; (4) any bad faith or wilfulness involved in the presentation of such testimony; and (5) the importance of the testimony to be excluded or omitted to the overall case.

5

Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 425 (3d Cir. 2006) (citing Quinn v. Consol. Freightways Corp., 283 F.3d 572, 577 (3d Cir. 2002) (citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977))).

After considering the five Meyers factors, the Court must grant Plaintiff's second motion in limine (Doc. No. 40). First, Plaintiff would be unduly prejudiced by the inclusion of the limited number of documents produced at the eve of trial. As argued by Plaintiff in his first motion in limine:

> Defendants cannot cherry-pick what documents to turn over. Defendants cannot just turn over [several] invoices, but rather all invoices and all documents related to Costanzo and his workers' compensation activities, which clearly they have not since many of the exhibits that were introduced in the Costanzo matter have not been produced here. . . . Plaintiff is not an FBI agent, an IRS agent, or a US Attorney, he is simply a worker in a county office who fully preformed his job as directed. Plaintiff never had access to Costanzo's personal accounts to see that Costanzo was siphoning off monies . . . .

(Doc. No. 150 at 8-9.) Allowing Defendant to selectively disclose and offer into evidence a limited number of invoices in the Costanzo matter—without requiring the production of all related invoices and other documents —would severely hamper Plaintiff's ability to rebut Defendant's claim that Plaintiff negligently oversaw the payment of funds to Costanzo. Second, such prejudice could be cured, but would likely require much more discovery and would certainly delay trial. Third, an over-emphasis on the Costanzo matter is likely to disrupt the orderly and efficient disposition of this case, as it could result in a "trial within a trial." The Court is unconvinced that Defendant withheld this information wilfully or in bad faith. Yet the Court is also unconvinced that the documents by themselves bear any significant weight to

support Defendant's claim that Plaintiff was negligent in approving Costanzo's funding requests. Therefore, the Court finds that the balance of factors weigh in favor of granting Plaintiff's second motion in limine.

### III. PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE WITNESSES DISCLOSED TEN DAYS BEFORE PRETRIAL (DOC. NO. 41)

In his third motion in limine, Plaintiff seeks to preclude Defendant from calling the following witnesses at trial: Andrew Marichak, Reginald Mariani, and Elizabeth Hopkins.[3] (Doc. No. 41 ¶ 1.) Plaintiff avers that Defendant did not identify these individuals during discovery, but rather informed Plaintiff on October 28, 2010, ten days before the pretrial conference, that they were likely to be called. (Id. ¶¶ 1-2.) Plaintiff states that he was never given notice that these individuals would be called as witnesses and asks that Defendant be precluded from calling them pursuant to Federal Rule of Civil Procedure 37. (Id. ¶¶ 3-4.)

At his deposition held on October 5, 2009, Plaintiff previously identified Elizabeth Hopkins as the person who was hired to take his place. (See Doc. No. 98-1 at 3-4.) At Defendant's deposition held on January 8, 2009, Defendant indicated that he appointed Reginald Mariani to be deputy controller, Elizabeth Hopkins to be office manager, and Andrew Marichak to be audit supervisor. (See Doc. No. 98-2 at 3.) However, the January 8, 2009 deposition was taken in relation to Delhagen, 3:08-cv-00285. Defendant was not deposed in the present case. (Doc. No. 99 at 2 n.1)

Federal Rule of Civil Procedure 26(a)(1)(A) states that

---

[3] In his motion, Plaintiff also seeks to exclude the testimony of Evie Rafalko-McNulty. However, the motion is now moot as to Rafalko-McNulty because during the telephone conference held on January 11, 2011, Defendant's counsel represented that Defendant had withdrawn Rafalko-McNulty as a potential witness.

> a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A). Failure to comply with Rule 26(a) may result in the Court disallowing a party to call a witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, based on consideration of the <u>Meyers</u> factors, the Court concludes that Plaintiff's motion to exclude the testimony of Marichak, Mariani, and Hopkins (Doc. No. 41) must be denied. The prejudice to Plaintiff is minimal because he knew the identity of these three individuals; they replaced Plaintiff and the other two employees who were terminated. Allowing their testimony will not disrupt the orderly and efficient disposition of this case. Furthermore, there is no evidence that Defendant withheld the identity of these witnesses wilfully or in bad faith.

Plaintiff also raises relevance objections to any testimony that might be elicited from Marichack, Mariani, and Hopkins. The Court will reserve ruling on any such objections until trial.

**IV.    PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM SUGGESTING THAT PLAINTIFF SHOULD NOT HAVE INITIATED THIS ACTION BUT RATHER USED POST-TERMINATION PROCESS (DOC. NO. 42)**

In his fourth motion in limine, Plaintiff seeks to preclude Defendant from suggesting at trial that Plaintiff should not have initiated this action but instead should have used a post-termination grievance process. (Doc. No. 42.) In granting an almost identical motion in

<u>Delhagen</u>, No. 3:08-cv-00285, Judge McClure wrote:

> Plaintiff moves to preclude defendant from arguing that plaintiff should not have filed a lawsuit, but should have only filed a grievance.  Defendant counters that the federal litigation was improperly initiated and that the union's grievance procedure satisfies due process.  Defendants' argument is an issue of law, not fact. Defendant has already, unsuccessfully, made this argument in his motion for summary judgment.  This court held that regardless of whether Delhagen could have challenged her termination through her union's grievance process did not remove the need for pre-deprivation process. . . .  Because any suggestion by defendant that plaintiff should have used post-termination grievance procedures as opposed to filing a lawsuit would only lead to confusion of the issue of alleged deprivation of pre-termination process, we will grant plaintiff's motion.

(<u>See</u> Doc. No. 42-1 at 3-4.)  The Court agrees with Judge McClure's reasoning and finds that it is equally applicable to the present case.  Therefore, the Court must grant Plaintiff's fourth motion in limine (Doc. No. 42).

## V.   PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MENTION OF COUNSEL'S REPRESENTATION OF OTHER VICTIMS OF CONSTITUTIONAL VIOLATIONS WHEN THEY TESTIFY (DOC. NO. 44)

In his fifth motion in limine, Plaintiff seeks to preclude Defendant "from mentioning the fact that Plaintiff's counsel represents other victims of constitutional violations." (Doc. No. 44 at 1.)  Specifically, Plaintiff points to the fact that his counsel is representing Heather Delhagen in a related case against Defendant, <u>see</u> <u>Delhagen</u>, 3:08-cv-00285, and that an almost identical motion in limine was granted by Judge McClure in that case.  (Doc. No. 44 ¶ 3.)  Specifically, Judge McClure found "no reason to hold that the credibility of a witness's testimony would be impacted by the fact that the witness is represented by the same counsel against the same defendant."  (<u>See</u> Doc. No. 44-2 at 3.)

In response, Defendant argues that, should Heather Delhagen testify in the present case, he should be allowed to make the jury aware that she is also represented by Plaintiff's counsel:

> The anticipated proffered testimony of Ms. Delhagen by her counsel, Ms. Pollick, may be directly related to Ms. Delhagen's present and ongoing personal experience with Ms. Pollick, and as such, the relevant information pertaining to Ms. Delhagen's counsel's identity must be made known to the jury if Ms. Delhagen is permitted to testify at the time of trial. If the jury were to be left in the dark regarding Ms. Delhagen's relationship with Ms. Pollick, surely Mr. McDowell would be prejudiced.

(Doc. No. 94 at 3.) The Court agrees that if Delhagen is called as a witness, her relationship to Plaintiff's counsel may affect the tenor of her testimony.[4] Therefore, Plaintiff's fifth motion in limine (Doc. No. 44) must be denied. To the extent that Defendant's counsel wants to make this relationship known to the jury for the limited purpose of impeaching Delhagen, the Court will allow Defendant to do so.

## VI.   PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE NEWSPAPER ARTICLES UNRELATED TO THIS MATTER (DOC. NO. 45)

In his sixth motion in limine, Plaintiff seeks to preclude Defendant from using three separate newspaper articles at trial as irrelevant, prejudicial, and as hearsay. (Doc. No. 45.) In response, Defendant has asserted: "[T]he newspaper reporting on the federal investigation into the overpayment of funds combined with Mr. McDowell's understanding that said overpayments were made without any supporting documentation or backup led to his decision to replace Mr.

---

[4] The Court expects that such testimony might affect the credibility of Delhagen's testimony in one of two ways. First, as Judge McClure noted, one might expect such "testimony that other persons have similar claims against this defendant [to] prejudice defendant, not plaintiff." (Doc. No. 44-2 at 3.) On the other hand, a juror might find that Delhagen's testimony is biased in favor of Plaintiff – as the strength of Delhagen's case could be bolstered by assisting her counsel in the present matter.

Shumek, not politics." (Doc. No. 142 ¶ 2.) As to the hearsay objection, Defendant states that "[n]one of the three articles . . . are being introduced for the truth of the matter asserted, but rather only to show that criminal allegations relating to Mr. Costanzo were readily available to Mr. McDowell, the public and Mr. Shumek, something shown by the existence of the articles without respect for their truth." (Doc. No. 143 at 4.)

The Court finds that Defendant has provided the Court with sufficient support that Plaintiff's motion to exclude the newspaper evidence (Doc. No. 45) must be denied at this time. Plaintiff may renew his objections based on prejudice, relevance, or hearsay in the context of the testimony elicited at trial.

## VII. PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATED TO EIGHTY-SEVEN PAGES OF DOCUMENTS FIRST TURNED OVER ON DATE OF PRETRIAL CONFERENCE (DOC. NO. 68)

Plaintiff's seventh motion in limine seeks to preclude Defendant from using at trial eighty-seven pages of documents which Plaintiff avers Defendant first turned over on November 8, 2010, the date of the pretrial conference. (Doc. No. 68.) Plaintiff avers that he will be prejudiced by the inclusion of the documents because "he has no idea how they relate to this matter [and was not] able to find out their relevance during discovery." (Id. ¶ 3.) In response, Defendant states that: (1) Defendant was not in possession of the documents when they were created; (2) the documents were turned over to Plaintiff "at the earliest time practicable"; (3) "Plaintiff's counsel knew that the documents existed as well but failed to identify them despite knowing their relevance; and (4) "certain documents were not available until days before their production." (Doc. No. 80 ¶ 2.)

The documents at issue include: several newspaper articles from 2007; correspondence

sent by members of Defendant's transition team to Controller John Mellow and other Lackawanna County offices relating to the transition of Defendant into the position of Controller; a copy of the contract agreement from January 1, 2005, to December 31, 2008, between Lackawanna County and SEIU AFL-CIO, Local 668; a letter sent to Plaintiff on January 7, 2008, confirming his termination; a copy of Plaintiff's general grievance before the union and related documents; a document titled "Controllers [sic] Office Manager Duties January 2008, Elizabeth Hopkins"; a document dated December 8, 1996, which appears to provide a job description for Plaintiff.[5]

The Court finds that, after a review of the Meyers factors, Plaintiff's motion in limine to exclude the 87 pages of documents must be denied. Plaintiff has not pointed to any prejudice which will result from the inclusion of the documents, other than his averment that "he has no idea why Defendant[] will be using [the] documents." (Doc. No. 69 at 5.) The Court finds this assertion entirely unconvincing; a cursory review of the documents would allow a person with an understanding of this case to see the potential relevance and import of each document. Allowing the evidence will not disrupt trial, and there is no evidence that Defendant acted wilfully or in bad faith in failing to disclose them earlier. Therefore, Plaintiff's seventh motion in limine (Doc. No. 68) must be denied.

---

[5] The documents produced also include those relating to Costanzo's request for funds which are approved by Plaintiff's signature. Because the Court has already addressed and granted Plaintiff's request to exclude those documents, see Part II infra, the Court will not consider them in this separate motion in limine.

**VIII. DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO PLAINTIFF'S MEMBERSHIP IN A COLLECTIVE BARGAINING AGREEMENT (DOC. NO. 47)**

The Court now turns to the motions in limine filed by Defendant. First, Defendant has moved to withdraw his motion in limine to preclude evidence relating to Plaintiff's membership in a collective bargaining agreement. (See Doc. Nos. 47, 151.) In his motion to withdraw, Defendant notes that "[t]he basis for the [motion in limine] was that an arbitrator's decision on Plaintiff's collective bargaining unit status was still pending." (Doc. No. 151 ¶ 2.) Defendant represents that the arbitrator has issued a decision in favor of Plaintiff and therefore Defendant's motion to exclude is now moot. (Id. ¶¶ 3-4.) Plaintiff has not concurred in Defendant's motion to withdraw his first motion in limine. (Doc. No. 151-1.)

The Court agrees that the basis provided by Defendant to exclude mention of Plaintiff's membership in a collective bargaining unit has been entirely undermined by the recent decision of the arbitrator—thereby rendering the motion in limine moot. Therefore, the Court must grant Defendant's motion to withdraw (Doc. No. 151) his first motion in limine relating to Plaintiff's membership in a collective bargaining agreement (Doc. No. 47).

**IX. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO HEATHER DELHAGEN, THE LITIGATION BROUGHT BY HEATHER DELHAGEN AGAINST DEFENDANT, AND TO PRECLUDE HEATHER DELHAGEN FROM TESTIFYING AT TRIAL (DOC. NO. 51)**

In his second motion in limine, Defendant seeks to preclude Plaintiff from entering any evidence "relat[ing] to Heather Delhagen . . . or the unrelated litigation brought by Ms. Delhagen against Mr. McDowell . . . at the time of trial, and [to] preclude Ms. Delhagen from testifying at the Shumek trial." (Doc. No. 52 at 1.) Defendant avers that "[a]ny such evidence is irrelevant

and likely to confuse the jury." (Id.)

The Court does not agree with Defendant's assessment that all evidence or testimony related to Delhagen will be irrelevant. To the contrary, the Court agrees with Plaintiff that Delhagen "can attest to everything that she personally witnessed in [the Shumek] matter, including but not limited to Defendant['s] conduct, Defendant['s] firing of Plaintiff, Plaintiff's work duties, and her own experience." (Doc. No. 72 at 2.) The Third Circuit has acknowledged that "[p]laintiffs face proof problems in employment discrimination cases," Quinn, 283 F.3d at 578, and that "[t]he effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of his own motives," Glass v. Philadelphia Electric Co., 34 F.3d 188, 195 (3d Cir. 1994) (quoting Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988)). To the extent that her testimony sheds light on Defendant's motives in Plaintiff's termination, then, Delhagen may also testify concerning her own experience of being terminated.

Accordingly, Defendant's second motion in limine (Doc. No. 51) must be denied at this time. To the extent that Delhagen is offered as a witness at trial, Defendant may offer Rule 403 objections in the context of Delhagen's testimony at trial.

## X.    DEFENDANT'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF CERTAIN WITNESSES AT TRIAL (DOC. NO. 53)

In his third motion in limine, Defendant seeks to preclude Plaintiff from calling certain witnesses to testify at trial pursuant to Federal Rule of Evidence 403. (Doc. No. 53 ¶ 12.)

First, Defendant seeks to preclude the testimony of Stacy Brown and Borys Krawczeniuk,

both of whom are reporters at the <u>Scranton Times-Tribune</u>.  (<u>Id.</u> ¶ 7.)  Defendant avers that the reporters' testimony should be excluded because they never interviewed Plaintiff and do not have any personal knowledge of any facts or circumstances surrounding Plaintiff's separation from his position at the Controller's Office.  (<u>Id.</u>)  In response, Plaintiff argues that Brown and Krawczeniuk received statements made by Defendant, which would be admissible as admissions against interest.  (Doc. No. 70 at 2.)  To the extent that Brown and Krawczeniuk can so testify, Defendant's motion in limine must be denied.

Second, Defendant seeks to preclude the testimony of Gary Kull, who Defendant avers has no information or knowledge about this matter.  (Doc. No. 53 ¶ 8.)  Plaintiff represents that he will not be calling Kull at trial and does not oppose Defendant's motion as to him.  (Doc. No. 70 at 2 n.1.)  Therefore, the Court must grant Defendant's motion as to Kull.

Third, Defendant seeks to preclude the testimony of the Lackawanna County Commissioners, because "they have no first-hand factual information regarding the present litigation and the practice of calling high ranking government officials as witnesses is discouraged."  (Doc. No. 53 ¶ 9 (citing <u>United States v. Morgan</u>, 313 U.S. 409, 422 (1941)).)  In response, Plaintiff states that the Commissioners "have relevant information . . . concerning Defendant McDowell."  (Doc. No. 70 at 3.)  Given the parties opposing representations, it is unclear to the Court whether the County Commissioners do indeed have any relevant testimony to the instant litigation.  The Court must deny the motion in limine as to the Commissioners at this time; however, Defendant may renew his objection to the extent that any testimony provided at trial is not relevant.

Fourth, Defendant seeks to preclude the testimony of Nancy Krake, Lisa Moran, Terri

Rose, Bob Mellow, Virginia Zymblosky, John Kovalichik, Theresa Rose, Elaine Kingsley, Cindy

Borgna, Janice Grzyboski, Ronald Simonetti, John Washenko, and Earnest Martone, Jr., on the

grounds that Plaintiff "has failed to identify who any of these individuals are." (Doc. No. 53 ¶

10.) As a result, Defendant avers that he is prejudiced because it is impossible for Defendant to

determine what their preferred testimony may concern. (Id.) In response, Plaintiff states that "all

the witnesses named were disclosed, known throughout this litigation, and have personal, first-

hand knowledge." (Doc. No. 70 at 5.) Specifically, in his brief in opposition to the motion in

limine, Plaintiff has identified:

> Nancy Krake (Union President), Lisa Moran (Personnel Director),
> Bob Mellow (who was deposed in this matter since he was the prior
> Controller), Virginia Zymblosky (retired Controller's Office
> employee), John Kovalichik (current Controller's Office employee),
> Theresa Rose (retired Controller's Office employee), Elaine Kingsley
> (current Controller's Office employee), Cindy Brogna [sic] (recent
> Controller's Office employee), Janice Grzyboski (current Controller's
> Office employee), Ronald Simonetti (current Controller's Office
> employee), John Washenko (current Controller's Office employee),
> and Earnest[] Martone, Jr. (Plaintiff's brother-in-law).

(Id. at 3-4.) Plaintiff asserts that he also identified these individuals in an interrogatory answer

when he wrote:

> ANSWER: Objection. It is unknown who Plaintiff may call as a
> rebuttal witness since Defendants have not presented their case-in-
> chief. Without waiving said objection, Commissioners, former and
> present, HR, McDowell, Attorney Rinaldi, Campaign Staff, Union
> Officials, Heather Delhagen, people who replaced me and Heather
> Delhagen, former and current employees of the Controller's Office
> and HR, Jack Malos, John Mellow, Mike Shumek (son), Robert
> Shumek, Ernest Martone Jr..[6] Plaintiff reserves [his] right to
> supplement with anyone named in any deposition as well as named

---

[6] Given the discrepancy in the parties filings, it is unclear to the Court whether this
witness's first name is correctly spelled as "Earnest" or "Ernest."

in any document exchanged during discovery. The above listed
individuals may have knowledge about what happened to me, the
quality of my work, and/or my emotional and financial stress.

(See id. at 4.)

Based on consideration of the Meyers factors, the Court must deny Defendant's motion in

limine to exclude as witnesses the foregoing list of individuals (Doc. No. 53). For the majority

of the named witnesses, the prejudice to Defendant is minimal because he knew the identity of

these individuals, the majority of whom are now employees in the Controller's Office headed by

Defendant. Their testimony will not disrupt the orderly and efficient disposition of this case,

although to the extent that their testimony is not relevant or cumulative, Defendant may object to

it at trial. There is no evidence that Plaintiff withheld the identity of these witnesses wilfully or

in bad faith.

**AND NOW**, on this 19th day of January 2011, it is **HEREBY ORDERED THAT** the

parties' motions in limine (Doc. Nos. 40, 41, 42, 43, 44, 45, 51, 53, 68) are granted in part and

denied in part in accordance with the foregoing analysis. Defendant's motion to withdraw his

motion in limine to preclude evidence relating to Plaintiff's membership in a collective

bargaining agreement (Doc. No. 151) is **GRANTED**. Accordingly, Document Number 47 is

deemed **WITHDRAWN**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania